

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. 0-5307
Re: Whether trial fees and stenographer's fees should be placed in the general fund of the county.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"When I came into the Auditors Office of Cooke County some years ago all trial fees were placed to the credit of the Officer Salary Fund. I thought at the time that these items should be credited to the General Fund, but because of the fact that every year various amounts had to be transferred from the General Fund to the Officers Salary Fund I made no attempt to change these deposits to the General Fund, partly because I could not find a statute which definitely set out the proper fund to receive the credit from these sources.

"Conditions have arisen that appear to make it necessary that some change be made in the manner of handling receipts from these sources, and on this account I desire an opinion as to whether stenographer fees and trial fees when collected should be placed to the credit of the General Fund or to the Officer Salary Fund. Should your opinion hold that these fees belong to the Officers Salary Fund, then

Honorable R. A. McElrath, Page 2

should they be listed as 'Trial' fees, 'Stenographers' fees, or as official fees of the Judge or Justice of the Peace in whose Court such fees originate?

"...."

It is our opinion that trial fees collected under Article 1074, Vernon's Annotated Texas Code of Criminal Procedure, should be placed in the general fund of the county, if not otherwise appropriated by the commissioners' court. See opinions No. 0-3975 and 0-3435 of this department, copies of which are enclosed.

Article 2075, Vernon's Annotated Texas Civil Statutes, provides:

"The clerks of all courts having official reporters shall tax as costs in each civil case where an answer is filed, except suits to collect delinquent taxes, a stenographer's fee of three dollars, which shall be paid as other costs in the case, and paid by said clerk, when collected, into the general funds of the county in which said court sits."

It is our opinion that stenographer's fees under Article 2075, supra, when collected by the clerk, should be paid by the clerk into the general fund of the county in which the court sits.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED MAY 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

JF:mp
Incl.